FINELITE v. DORIAN et al.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

FAILURE TO FILE NOTE OF ISSUE OR NOTICE OF TRIAL—STRIKING CASE FROM CALEN-
DAR.

Where plaintiff, in a case removed from the superior court of New York
City to the supreme court (Const. art. 6, § 5), failed to file a note of issue with
the clerk of part 3 of the special term 20 days before the first Monday of
January, 1896, or thereafter to move to add his case to the calendar as having
been omitted by mistake (rule 8 of the special terms in the First judicial dis-
trict, adopted by the appellate division November 25, 1895), but simply filed
a note of issue for the October special term of 1896, without serving notice
of trial for such term, the case should be struck from the calendar.

Appeal from special term, New York county.

Action by Alexander Finelite, as receiver of the property of Julia
Dorian, a judgment debtor, against Julia Dorian and others. From
an order denying a motion to strike the cause from the special term
calendar, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
O'BRIEN, and INGRAHAM, JJ.

George Putnam Smith, for appellant.
P. C. Talman, for respondent.

BARRETT, J. This action was originally in the superior court
of the city of New York. Upon the abolition of that court, it was,
under the provisions of the constitution, transferred to the supreme
court for hearing and determination. Const. art. 6, § 5. To secure
that hearing and determination in an orderly and proper manner,
the plaintiff was required, by rule 8 of the rules for the regulation
of the special terms in the First judicial district (adopted by this
appellate division on the 25th day of November, 1895), to file a note
of issue with the clerk of part 3 of the special term at least 20 days
before the first Monday of January, 1896. This rule provided that
no case should be placed upon the special term calendar, which was
then directed to be made up, unless such note of issue were so filed.
The plaintiff apparently neglected to comply with this rule. At all
events, his action was not placed upon that calendar, and he does
not pretend that he filed the required note of issue. He was not
remediless, however. The rule made further provision for just
such a case. That further provision was that a motion to add to
the calendar in question "any cases which have been left off by mis-
take may be made to the court at part 3 of the special term on the
first Monday of each term on two days' notice to the adverse party."
This rule was applicable, even though the mistake were that of the
clerk. The plaintiff did not avail himself of this permission, but
simply filed a note of issue for the October special term of 1896.
This would have been well enough if he had served a notice of trial
for that October term. But he did not do so. He was, therefore,
irregular in either aspect of the practice. If he desired to correct
the calendar made up for January, 1896, by having his cause added
thereto, he should have moved as indicated in the rule. If, how-

ever, he simply wished to have his cause placed upon the general calendar of the special term independently, he should have served his notice of trial for the term for which he filed his note of issue.

The order appealed from should, therefore, be reversed, with $10 costs and disbursements, and the motion to strike the cause from the special term calendar granted, with $10 costs.   All concur.

